UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Criminal No. 19-20793

v.                                     Hon. Gershwin A. Drain

KEITH EDWARD-GERALD DOTSON,

        Defendant.

_____/

**STIPULATION TO ADJOURN DATES
AND FIND EXCLUDABLE DELAY**

        The parties stipulate and agree to adjourn the trial in this case from July 28, 2020, for at least 60 days. The parties also agree to adjourn the plea cutoff for at least 30 days. The parties further stipulate, and jointly move for the Court to find, that the time period between July 28, 2020, and the new trial date, to be set by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and Defendant in a speedy trial. The parties are requesting this continuance and a finding of excludable delay for the following reasons:

        1.      On November 8, 2019, Defendant was charged in a complaint with receipt and distribution of child pornography and possession of child

    pornography. Defendant made his initial appearance and was released on bond on November 12, 2019.

2. On December 2, 2019, Defendant was indicted on count 1 – distribution of child pornography, count 2 – receipt of child pornography, and count 3 – possession of child pornography.

3. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

4. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021.

5.  Although the court issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

6.  These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial, review forensic discovery, and engage in meaningful plea negotiations. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation, and meaningful plea negotiations, necessarily involves close contact with colleagues, witnesses, and others.

7. As of the time of the filing of this stipulation, the parties have been engaged in plea negotiations. However, the parties require additional time to finalize a non-trial resolution to this case, as the government requires time to investigate and review materials submitted by defense counsel that may be germane to negotiations and defense counsel requires time to review plea negotiations with Defendant.

8. As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, review of discovery, and plea negotiations, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

9. This open-ended continuance is warranted under the specific circumstances of this case, and such continuances are permitted under the law of this Circuit. *See, e.g., United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); *United States v. Sabino*, 274 F.3d 1053, 1064-65 (6th Cir. 2001), *amended in part on other grounds*, 307 F.3d 446 (2002). This continuance is also in accordance with the Speedy Trial Act Plan of this District. *See* E.D. Mich. STA Plan ¶ 7(d)(3) (when continuance is open-ended, parties must "inform the court

promptly when and if the circumstances that justify the continuance no longer exist" and must "file periodic reports").

The government sought concurrence and Defendant agrees that the adjournment is in his best interest. The parties therefore request that the Court grant a continuance of the trial date and the plea cut-off date, date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO STIPULATED.**

Respectfully submitted,

Matthew Schneider
United States Attorney

| | |
|---|---|
| *s/Devon Schulz* | *s/Raymond A. Cassar* (with consent) |
| Devon Schulz | Raymond Cassar |
| Assistant United States Attorney | Attorney for Defendant |
| 211 West Fort Street, Suite 2001 | 30445 Northwestern Hwy., Suite 220 |
| Detroit, Michigan  48226-3211 | Farmington Hills, MI 48334 |
| (313) 226-0248 | (248) 855-0911 |
| devon.schulz@usdoj.gov | ray@crimlawattorney.com |

Dated: July 27, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Criminal No. 19-20793

v.                                      Hon. Gershwin A. Drain

KEITH EDWARD-GERALD DOTSON,

        Defendant.
                                        /

## ORDER ADJOURNING DATES
## AND FINDING EXCLUDABLE DELAY

The Court has considered the parties' stipulation and joint motion to continue the trial in this matter from July 28, 2020, for at least 60 days, and finds that the time period from July 28, 2020, to the new trial date, to be set by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from July 28, 2020, to the new trial date, to be set by the Court, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that the delay is necessary for the following reasons:

1. On November 8, 2019, Defendant was charged in a complaint with receipt and distribution of child pornography and possession of child pornography. Defendant made his initial appearance and was released on bond on November 12, 2019.

2. On December 2, 2019, Defendant was indicted on count 1 – distribution of child pornography, count 2 – receipt of child pornography, and count 3 – possession of child pornography.

3. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

4. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand

      jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021.

5. Although the court issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

6. These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial, review forensic discovery, and engage in meaningful plea negotiations. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation, and

meaningful plea negotiations, necessarily involves close contact with colleagues, witnesses, and others.

7. Additionally, as of the time of the filing of this stipulation, the parties have been engaged in plea negotiations. However, the parties require additional time to finalize a non-trial resolution to this case, as the government requires time to investigate and review materials submitted by defense counsel that may be germane to negotiations and defense counsel requires time to review plea negotiations with Defendant.

8. As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, review of discovery, and plea negotiations, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

9. This open-ended continuance is warranted under the specific circumstances of this case, and such continuances are permitted under the law of this Circuit. *See, e.g., United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); *United States v. Sabino*, 274 F.3d 1053, 1064-65 (6th Cir. 2001), *amended in part on other grounds*, 307 F.3d 446 (2002). This continuance is also in accordance with the Speedy

Trial Act Plan of this District. *See* E.D. Mich. STA Plan ¶ 7(d)(3) (when continuance is open-ended, parties must "inform the court promptly when and if the circumstances that justify the continuance no longer exist" and must "file periodic reports").

**IT IS THEREFORE ORDERED** that the time from July 28, 2020, to the new trial date, to be set by the Court, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS FURTHER ORDERED** that the following deadlines will apply to these proceedings:

**Plea Cutoff:** September 10, 2020 at 10:00 a.m.

**Trial:** September 22, 2020 at 9:00 a.m.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
_____
Hon. Gershwin A. Drain
United States District Judge

Entered: July 27, 2020