UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Criminal No. 19-20793

v.                                                Hon. Gershwin A. Drain

KEITH EDWARD-GERALD DOTSON,

        Defendant.

_____/

## STIPULATION TO ADJOURN DATES
## AND FIND EXCLUDABLE DELAY

        The parties stipulate and agree to adjourn the trial in this case from November 10, 2020, for at least 45 days. The parties also agree to adjourn the plea cutoff for at least 30 days. The parties further stipulate, and jointly move for the Court to find, that the time period between November 10, 2020, and the new trial date to be set by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and Defendant in a speedy trial. The parties are requesting this continuance and a finding of excludable delay for the following reasons:

        1.      On November 8, 2019, Defendant was charged in a complaint with receipt, distribution, and possession of child pornography. Defendant made his

initial appearance and was released on bond on November 12, 2019. He was indicted on the same charges on December 2, 2019.

2. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

3. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021.

4. Most recently, on September 8 and 28, 2020, the Court issued Administrative Order 20-AO-038 (Revised) and 20-AO-046. In Administrative Order 038 (Revised), the Court noted that "[t]he threat to public health presented by COVID-19 has not been abated." The Court ordered that all courthouses of the

United States District Court for the Eastern District of Michigan shall remain closed until further order of the Court.

5. On or about September 28, 2020, plea negotiations were ongoing. As part of the negotiations, the parties agreed that certain investigative steps, by the case agent, would help facilitate the resolution of the case. The parties required additional time to allow the case agent to further his investigation with the hopes of reaching a resolution in this case.

6. The case agent has completed the additional investigative work requested by the parties. The government is waiting for a completed report. After the government receives the report, it will be provided to defense counsel. The report is an important part of plea negotiations and the final resolution of the case.

7. A failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, review of discovery, and plea negotiations, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

8. The government sought concurrence and Defendant agrees that the adjournment is in his best interest. The parties therefore request that the Court grant a continuance of the trial date and the plea cut-off date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C.

§ 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO STIPULATED.**

Respectfully submitted,

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

| | |
|---|---|
| *s/Matthew Roth* | *s/Raymond A. Cassar (*with consent*)* |
| Matthew Roth | Raymond Cassar |
| Devon Schulz | Attorney for Defendant |
| Assistant United States Attorneys | 30445 Northwestern Hwy., Suite 220 |
| 211 West Fort Street, Suite 2001 | Farmington Hills, MI 48334 |
| Detroit, Michigan 48226-3211 | (248) 855-0911 |
| (313) 226-9186 | ray@crimlawattorney.com |
| Matthew.roth2@usdoj.gov | |

Dated: October 19, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Criminal No. 19-20793

v.                                        Hon. Gershwin A. Drain

KEITH EDWARD-GERALD DOTSON,

        Defendant.

_____/

## ORDER ADJOURNING DATES
## AND FINDING EXCLUDABLE DELAY

The Court has considered the parties' stipulation and joint motion to continue the trial in this matter from November 10, 2020, for at least 45 days, and finds that the time period from November 10, 2020, to the new trial date, to be set by the Court, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from November 10, 2020, to the new trial date, to be set by the Court, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that the delay is necessary for the following reasons:

1. On November 8, 2019, Defendant was charged in a complaint with receipt, distribution, and possession of child pornography. Defendant made his initial appearance and was released on bond on November 12, 2019. He was indicted on the same charges on December 2, 2019.

2. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

3. In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. See Administrative Order 20-AO-021.

4. Most recently, on September 8 and 28, 2020, the Court issued Administrative Order 20-AO-038 (Revised) and 20-AO-046. In Administrative Order 038 (Revised), the Court noted that "[t]he threat to public health presented by

COVID-19 has not been abated." The Court ordered that all courthouses in the United States District Court for the Eastern District of Michigan shall remain closed until further order of the Court.

5. On or about September 28, 2020, plea negotiations were ongoing. As part of the negotiations, the parties agreed that certain investigative steps, by the case agent, would help facilitate the resolution of the case. The parties required additional time to allow the case agent to further his investigation with the hopes of reaching a resolution in this case.

6. The case agent has completed the additional investigative work requested by the parties. The government is waiting for a completed report. After the government receives the report, it will be provided to defense counsel. The report is an important part of plea negotiations and the final resolution of the case.

**IT IS THEREFORE ORDERED** that the time from November 10, 2020, to the new trial date, to be set by the Court, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS FURTHER ORDERED** that the following deadlines will apply to these proceedings:

**Plea Cutoff: December 8, 2020 at 10:00 a.m.**

**Trial:        January 5, 2021 at 9:00 a.m.**

**IT IS SO ORDERED.**

S/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Entered:  October 23, 2020