UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                    Case No. 19-cr-20793

v.                                     Hon. Gershwin A. Drain

Keith Edward-Gerald Dotson,

        Defendant.

**Stipulated Preliminary Order of Forfeiture**

Plaintiff, by and through its undersigned attorney, together with the defendant, Keith Edward-Gerald Dotson, by and through his attorney Raymond A. Cassar, (collectively, "the Parties"), submit this Stipulated Preliminary Order of Forfeiture to the Court for immediate entry, and stipulate and agree to the following:

On December 3, 2019, an Indictment was filed charging the defendant in Count One with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); in Count Two with Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); and in Count Three with Possession of Child Pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B). (ECF No. 13). The Indictment includes Forfeiture Allegations providing notice that, pursuant to pursuant to 18 U.S.C. § 2253 upon defendant Keith Edward-Gerald Dotson's conviction for the offenses charged in the Indictment, he shall forfeit to the United States the following:

   i. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

   ii. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   iii. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(ECF No. 13, PageID.27).

On May 11, 2021, the government filed a Forfeiture Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to supplement and clarify the forfeiture allegations contained in the Indictment, and to provide notice of specific property the Government intends to forfeit upon conviction. (ECF No. 31).

On July 14, 2021, defendant Keith Edward-Gerald Dotson entered into a Rule 11 Plea Agreement ("Rule 11") and pleaded guilty to Count

One of the Indictment charging him with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)).

In the Rule 11, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

- iv. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;
- v. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
- vi. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

Specifically, the United States seeks to forfeit the following property:

1. Apple iPhone X, S/N F2RVVXTCJCL6;
2. Western Digital Caviar Blue Hard Drive, S/N WCAV33453369;
3. Western Digital, Caviar Green Hard Drive, S/N WCAV50201760;
4. Seagate, Barracuda 7200.7 Hard Drive, S/N 4JS1JZHD;
5. Western Digital, Caviar SE WD800JD Hard Drive, S/N WMAM9SS01968;
6. Western Digital Caviar SE WD800JD Hard Drive, S/N WCANY2261177;

7. Western Digital SE 16 WD2500AAKS, S/N WMART0478427;
8. Hitachi 5K750-500 Hard Drive, S/N 51HMD0BE;
9. Western Digital Scorpio Blue WD6400BPVT H/D, S/N WX81E71AXCY3;
10. Western Digital Scorpio Blue WD6400BPVT H/D, S/N WXB1AC045834;
11. Seagate SRD00F1 Hard Drive, S/N NA4T38QK;
12. Seagate SRD0SP0 Hard Drive, S/N NA5CLJE1;
13. Seagate SRD00F1 Hard Drive, S/N NA7KKGMS;
14. Seagate Freeagent Hard Drive, S/N 2GET33AN;
15. Lacie LRD0TU1 Hard Drive With Orange Case, S/N 99991507020959QR;
16. Seagate Freeagent Goflex Desk H/D, S/N NA0J7SSR;
17. Seagate Blackarmor WS110 H/D, S/N 2HCJ1GH8;
18. (19) JPI USB Thumb Drives;
19. Silver USB Thumb Drive;
20. Lexar USB Thumb Drive;
21. Unknown Make Black USB Thumb Drive;
22. Rose Gold Apple IPhone 5 with Glitter Case;
23. Kodak 1GB SD Card;
24. Hewlett Packard Pavilion, DVH-1245DX, S/N CNF9254C94;
25. Seagate Blackup Plus Hub Hard Drive, S/N NA8TB1HA;
26. Centon Datastick Pro USB Thumb Drive;
27. Apple iPhone, IMEI: 013442008351313;

28. Western Digital Easy Store Hard Drive, S/N WCC7K5KLKL7J;
29. Western Digital Easy Store Hard Drive, S/N WCC7K2HDP6TF;
30. Black Powerspec G428 Desktop;
31. Lexar 8GB USB Thumb Drive;
32. Seagate, XBOX SRD0NF1 Hard Drive, S/N NZ07KS46;
33. Seagate Expansion SRD0NF2 Hard Drive, S/N NA8FZ5XS;
34. Sandisk Extreme Plus 32GB Micro SD Card with Sandisk SD Card Adapter;
35. Canon Vixia R42 Video Camera, S/N 642704502400;
36. Seagate Barracuda LP Hard Drive, S/N 5XW00F85;
37. Western Digital 2D400 Hard Drive, S/N WMAMC1966897;
38. Hitachi DK23FB-40 Hard Drive, S/N 7BFH4A1AE058;
39. Seagate ST315323A Hard Drive, S/N 5EH0220B;
40. Western Digital WD200 Hard Drive, S/N WMA6Y3951867;
41. IBM Deskstar Hard Drive, S/N SV0H7633;
42. Apple iPad AD PRO, IMEI: 355448070619046;
43. Nikon Coolpix Starter Memory Card, S/N P/N: 2221-016;
44. Sandisk, 128MC Compact Flash Card; and
45. Apple iPhone, IMEI 353232104884301;

(collectively, "Subject Assets").

In the Rule 11 the defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of

Forfeiture, incorporating the forfeiture of the Subject Assets following the defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2.

In the Rule 11 the defendant agreed that the forfeiture order(s) will become final as to him at the time entered by the Court. In entering into the agreement with respect to forfeiture, the defendant expressly waived his right to have a jury determine the forfeitability of his interest in the above identified assets as provided by Federal Rule of Criminal Procedure 32.2(b)(5).

In the Rule 11 the defendant knowingly, voluntarily, and intelligently waived all constitutional and statutory challenges to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The defendant further agreed to hold the United States, its agents and employees, and any federal and local law enforcement agency involved with this matter harmless from any claims whatsoever in connection with the seizure, detention, forfeiture and/or destruction of the property referenced above.

The defendant acknowledged that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waived his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Based on the defendant's guilty plea and Rule 11, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2253 and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED THAT:**

1. The defendant Keith Edward-Gerald Dotson's interest in the Subject Assets **IS HEREBY FORFEITED** to the United States of America pursuant to 18 U.S.C. § 2253 and Federal Rule of Criminal Procedure 32.2 for disposition according to the law, and any right, title, or interest of the defendant, and any right, title, or interest that his heirs, successors, or assigns have, or may have, in the Subject Assets is hereby and forever **EXTINGUISHED**.

2. Upon entry of this order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Assets in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Assets may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Assets. The petition must identify petitioner's alleged right, title, or interest in the Subject Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Assets, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Assets.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order shall become final as to the defendant upon entry. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Agreed as to form and substance:

Saima S. Mohsin
Acting United States Attorney

| s/Michael El-Zein | s/Raymond A. Cassar (by consent) |
|---|---|
| Michael El-Zein (P79182) | Raymond A. Cassar (P36875) |
| Assistant U.S. Attorney | Attorney for Keith Edward-Gerald Dotson |
| U.S. Attorney's Office | |
| 211 W. Fort Street, Ste. 2001 | 30445 Northwestern Hwy Ste 220 |
| Detroit, MI 48226 | Farmington Hills, MI 48334-3109 |
| (313) 226-9770 | (248) 855-0911 |
| michael.el-zein@usdoj.gov | ray@crimlawattorney.com |
| Dated: September 16, 2021 | Dated: September 16, 2021 |

******************************************

**IT IS SO ORDERED.**

Dated: 9/22/2021

**s/Gershwin A. Drain**
Hon. Gershwin A. Drain
United States District Judge